Katherine D. Prescott (CA Bar No. #215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Kurt L. Glitzenstein (Admitted *Pro Hac Vice*)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Drive
Boston, MA 02210
Telephone: 617-542-5070

Susan E. Morrison (Admitted *Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070

Charles N. Reese, Jr. (Admitted *Pro Hac Vice*)
creese@fr.com
Dexter Whitley (Admitted *Pro Hac Vice*)
whitley@fr.com
Steffen Lake (Admitted *Pro Hac Vice*)
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, Suite 21,
Atlanta, GA 30339
Telephone: (404) 724-2782

*Attorneys for Plaintiff*
*Carl Zeiss X-Ray Microscopy, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIGRAY INC., <br><br> Defendant. | Case No. 5:21-cv-01129-EJD <br><br> **PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS** <br><br> Date: March 14, 2023 <br> Time: 10:00 a.m. <br> Courtroom: 2 <br> Judge: Magistrate Judge Virginia K. DeMarchi |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on March 14, 2023, or as soon thereafter as counsel may be heard, in the Courtroom of the Magistrate Judge Virginia K. DeMarchi, located at 280 South First Street, San Jose, California 95113, Plaintiff Carl Zeiss X-Ray Microscopy Inc. ("Plaintiff" or "Zeiss") will and hereby does move the Court for leave to amend its infringement contentions. As the motion is unopposed, Plaintiff does not believe that a hearing is necessary but has noticed a hearing date in the event the Court prefers to hold a hearing.

This motion is made pursuant to L.R. 7-1(a) and is based upon this Notice of Motion and Motion, the supporting Memorandum, the Declaration of Charles N. Reese, Jr. (hereinafter, "Reese Decl.") filed herewith, and the exhibits thereto, the other pleadings and materials already on file in this matter, and upon such further argument and evidence as may be presented at the hearing of this Motion.

Dated: February 6, 2023                            FISH & RICHARDSON P.C.

                                                                      By: */s/ Charles N. Reese, Jr.*
                                                                               Charles N. Reese, Jr.

                                                       Attorneys for Plaintiff
                                                       Carl Zeiss X-Ray Microscopy, Inc.

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................... 1

III. LEGAL STANDARD ........................................................................................... 2

IV.  ZEISS HAS GOOD CAUSE FOR AMENDING ITS INFRINGEMENT CONTENTIONS ................................................................................................... 3

V.   CONCLUSION ..................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aavid Thermalloy LLC v. CoolerMaster Co., Ltd.*,
    209 WL 13038608 (N.D. Cal. Aug. 13, 2019) .............................................................................. 3

*Finjan, Inc. v. Symantec Corp.*,
    2017 WL 4025219 (N.D. Cal. Sept. 13, 2017) ............................................................................. 3

*LG Elecs. Inc. v. Q-Lity Computer Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ................................................................................................. 3

**Other Authorities**

Patent Local Rule 3-1 .......................................................................................................................... 1

Patent Local Rule 3-6 .................................................................................................................. 1, 2, 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Carl Zeiss X-Ray Microscopy Inc. ("Plaintiff" or "Zeiss") makes this unopposed motion to amend its January 18, 2022, Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rule 3-1 to include non-public evidence subsequently produced by Defendant Sigray, Inc. ("Defendant" or "Sigray"). The accused products are X-ray microscopes that are not available for off-the-shelf purchase and regarding which little public information is available. The proposed Amended Contentions (Ex. A) incorporate non-public evidence regarding the operation of the accused products into Zeiss's existing infringement theories. Zeiss thus has good cause for its unopposed amendment to its Infringement Contentions pursuant to Patent Local Rule 3-6.

**II.    FACTUAL BACKGROUND**

Zeiss's First Amended Complaint, filed November 18, 2020, alleges *inter alia* that Sigray infringes U.S. Patent No. 7,057,187 (the "'187 Patent") and U.S. Patent No. 7,400,704 (the "'704 Patent") through the manufacture and sale of two x-ray microscope products, the TriLambda XRM and the PrisamXRM. Dkt. No. 15, ¶ 1. Pursuant to the Court's Case Management Order, and based on the timing of Zeiss's service of a sufficient Trade Secret Identification, Sigray was required to complete its production of technical documents sufficient to show the structure, function, and operation of the accused products by January 6, 2022. *See* Dkt. No. 58 at 17. Sigray failed to do so. Zeiss's January 18, 2022, Infringement Contentions (Ex. B) thus included the little available public information regarding the accused products, as well as the information provided by the handful of non-public documents Sigray had produced by that date.

Through the subsequent year, Zeiss wrote to and conferred with Sigray regarding its technical document production, and Zeiss was eventually forced to move to compel. *See* Dkt. No. 94. While as a result of that motion Sigray agreed to complete its technical document production by a date certain, it again failed to meet that deadline. The parties continued to confer, and Sigray has provided additional documents and information on a rolling basis.

Sigray requested that Zeiss supplement its infringement contentions based on Sigray's subsequent production of documents, and even threatened to move the Court to require Zeiss to supplement. *See, e.g.*, Ex. C. Zeiss agreed to supplement, and provided Sigray with supplemental infringement contentions on August 12, 2022. After that supplementation, Sigray continued to provide information regarding the accused products on a rolling basis. Zeiss's proposed Amended Contentions are updated to incorporate this additional evidence.

Zeiss originally provided a version of the Amended Contentions to Sigray on January 23, 2023. This version included, in addition to the other additions to the Amended Contentions, a proposed amendment to identify three additional Sigray product lines as accused instrumentalities ("Three New Sigray Products"). On February 2, 2023, Sigray confirmed that it opposed Zeiss's proposal to amend its contentions to accuse additional products, which Sigray deemed untimely and prejudicial. Ex. D. On a conference between the parties that same day, Sigray confirmed that the only reason it opposed Zeiss's amended contentions was the identification of additional accused products. The following day, Zeiss memorialized in an email to Sigray that the inclusion of the Three New Sigray Products was Sigray's sole objection to the proposed Amended Contentions. Ex. E. Sigray has not disputed or disagreed with Zeiss's email summary.

Accordingly, in view of Sigray's objection, and further in view of the absence of any publicly available information reflecting any sales of any of the Three New Sigray Products, in order to reduce the disputes between the parties, Zeiss has updated the January 23, 2023 contentions version to remove its proposed addition of the Three New Sigray Products as accused instrumentalities. Ex. A. Because Zeiss is no longer seeking the amendments that formed the sole basis for Sigray's objections, Zeiss understands that Sigray does not oppose this motion for Zeiss to amend its contentions.

### III. LEGAL STANDARD

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." P.L.R. 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include[] . . . [r]ecent discovery of nonpublic information about the Accused Instrumentality which

2
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO
AMEND ITS INFRINGEMENT CONTENTIONS
Case No. 5:21-cv-01129-EJD

1  was not discovered, despite diligent efforts, before the service of the Infringement Contentions."
2  *Id.*

3  **IV.   ZEISS HAS GOOD CAUSE FOR AMENDING ITS INFRINGEMENT CONTENTIONS**
4

5  When Zeiss served its Infringement Contentions on January 18, 2022, it had not yet
6  received even remotely complete discovery regarding the structure and operation of the accused
7  products.  Zeiss thus based its contentions on the limited available public information and the
8  discovery provided by Sigray prior to that date.  Sigray subsequently provided additional non-
9  public information regarding the accused products, including documents first identified within the
10 last month.  Zeiss's proposed amendments incorporate and provide explanation based on this
11 additional evidence, which Zeiss could not have obtained prior to the service of its original
12 Infringement Contentions.  The provision of this non-public information, obtained only after
13 service of its Infringement Contentions, provides good cause to amend.  *See, e.g.*, L.P.R. 3-6(c);
14 *Finjan, Inc. v. Symantec Corp.*, 2017 WL 4025219, *3 (N.D. Cal. Sept. 13, 2017).
15 Moreover, "[w]here, as here, a defendant does not oppose a motion to amend ICs, 'the
16 Court need not determine whether [plaintiff] has shown good cause for amending its infringement
17 contentions' and may summarily grant the motion to amend."  *Aavid Thermalloy LLC v.*
18 *CoolerMaster Co., Ltd.*, 209 WL 13038608, *1 (N.D. Cal. Aug. 13, 2019) (quoting *LG Elecs. Inc.*
19 *v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367, 368-69 (N.D. Cal. 2002)) (second alteration in
20 original), *report and recommendation adopted* No. 17-05363 JSW, 2019 WL 4009166 (N.D. Cal.
21 Aug. 26, 2019).  Sigray has not identified any prejudice flowing from Zeiss's proposed
22 amendment, as revised to remove the identification of the Three New Sigray Products.
23 In addition, no modification of the case schedule is necessary, the Court has not yet held
24 the claim construction hearing, and most depositions have yet to be taken (and none had been
25 taken prior to Zeiss's provision to Sigray of its proposed amendments on January 23, 2022).
26 **V.   CONCLUSION**
27 For at least the foregoing reasons, Zeiss respectfully requests that the Court grant Plaintiff
28 leave to amend its infringement contentions.

Dated: February 6, 2023

FISH & RICHARDSON P.C.

By: */s/ Charles N. Reese, Jr.*
    Charles N. Reese, Jr.

Attorneys for Plaintiff
Carl Zeiss X-Ray Microscopy, Inc.