UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIGRAY, INC., <br><br> Defendant. | Case No. 21-cv-01129-EJD   (VKD) <br><br> **ORDER GRANTING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Re: Dkt. Nos. 134, 143 |

Plaintiff Carl Zeiss X-Ray Microscopy, Inc. ("Carl Zeiss") and defendant Sigray, Inc. ("Sigray") have both filed statements pursuant to Civil Local Rule 79-5(f) (Dkt. Nos. 181, 182) asking the Court to seal materials filed in connection with a February 23, 2023 motion for discovery sanctions by Carl Zeiss (Dkt. Nos. 134, 143). Carl Zeiss withdrew its motion on April 18, but the sealing motions remained pending until Judge Davila issued an order directing the parties to file responsive statements. *See* Dkt. Nos. 151, 180.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The materials here in question here relate to a discovery dispute, so the Court applies the

"good cause" standard of Rule 26(c).

### A. Carl Zeiss's Sealing Request: Dkt. No. 134

On March 9, 2023, Sigray filed an administrative motion to consider whether another party's material should be sealed regarding several exhibits to its response to Carl Zeiss's motion for discovery sanctions. Dkt. No. 134. Carl Zeiss filed a timely response to this motion in the form of a declaration by Daniel Sims, its "General Manager & Head of X-Ray Microscopy." Dkt. No. 142; Civil L.R. 79-5(f)(3). Mr. Sims asserts that these documents contain "confidential, proprietary, and competitive technical information, which are Zeiss's trade secrets" and that "Zeiss's competitors and individuals seeking to exploit such information would gain an unfair competitive advantage in the market, harming Zeiss's ability to compete" if it were to be made public. Dkt. No. 142 ¶ 3; *see also* Dkt. No. 181. Carl Zeiss asks that the exhibits in question be sealed in their entirety. Dkt. No. 142 ¶¶ 4-16.

The Court agrees that good cause exists to seal the documents identified by Carl Zeiss. "Good cause exists to seal trade secrets," *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8430402, at *1 (N.D. Cal. Dec. 4, 2023) (citing *Kamakana*, 447 F.3d at 1179), and the Court has previously granted similar sealing requests by Carl Zeiss in this matter. *E.g.* Dkt. No. 76. Accordingly, the Court orders that the following documents be sealed:

| Dkt. No. | Document | Portions to be filed Under Seal |
|---|---|---|
| 134-2 | Exhibit 1 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Third Amended Identification of Trade Secrets dated December 27, 2021) | Entire Document |
| 134-3 | Exhibit 3 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Zeiss's Responses to Sigray's First Set of Interrogatories, | Entire Document |

| | | |
|---|---|---|
| | which Zeiss dated March 11, 2022) | |
| 134-4 | Exhibit 4 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Zeiss's Supplemental Responses to Sigray's First Set of Interrogatories dated August 12, 2022) | Entire Document |
| 134-5 | Exhibit 9 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Zeiss's First Supplemental Response to Sigray's Third Set of Interrogatories dated February 3, 2023) | Entire Document |
| 134-6 | Exhibit 10 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Zeiss's production documents ZEISS_NDCA00056628-32) | Entire Document |
| 134-7 | Exhibit 11 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Email from A. Laquer to D. Whitley dated February 7, 2023) | Entire Document |
| 134-8 | Exhibit 12 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Attachment to email from A. Laquer to D. Whitley dated February 7, 2023 created by A. Laquer of highlighted Ex. 9) | Entire Document |
| 134-9 | Exhibit 13 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures<br><br>(Email from A. Laquer to D. Whitley dated February 9, 2023) | Entire Document |
| 134-10 | Exhibit 14 to Declaration of Alan G. Laquer in Opposition | Entire Document |

| | | |
|---|---|---|
| | to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures (Excerpts from the deposition of Dr. Wenbing Yun dated February 23, 2023) | |
| 134-11 | Exhibit 15 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures (Exhibit 112 to the deposition of Dr. Wenbing Yun) | Entire Document |
| 134-12 | Exhibit 16 to Declaration of Alan G. Laquer in Opposition to Plaintiff Carl Zeiss X-Ray Microscopy, Inc.'s Motion for Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures (Excerpts from the deposition of Andrew Chu, dated February 28, 2023) | Entire Document |

### B.  Sigray's Sealing Request:  Dkt. No. 143

On March 16, 2023, Carl Zeiss filed an administrative motion to consider whether another party's material should be sealed regarding several exhibits to the reply to its motion for discovery sanctions.  Dkt. No. 143.  Sigray did not file a timely response to Carl Zeiss's motion.  However, it submitted a statement by counsel requesting that one of the exhibits in question remain sealed. Dkt. No. 182.  As to that document (Dkt. No. 143-1), Sigray claims that it contains "highly confidential corporate personnel information." *Id*. at 2.  It asks that the document be sealed in its entirety. *Id.*

Despite Sigray's tardy response, the Court agrees that good cause exists to seal the document it identifies.  This document contains information about Sigray employees which could cause "annoyance, embarrassment, [or] oppression" if released to the public. *Kamakana*, 447 F.3d at 1180 (quoting Fed. R. Civ. P. 26(c)(1)).  Accordingly, the Court orders that the following documents be sealed:

//

| Dkt. No. | Document | Portions to be filed Under Seal |
|---|---|---|
| 143-1 | Exhibit C to Declaration of Declaration of Dexter S. Whitley In Support Of Plaintiff's Reply To The Motion For Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures | Entire Document |
| 143-2 | Exhibit D to Declaration of Declaration of Dexter S. Whitley In Support Of Plaintiff's Reply To The Motion For Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures) | None |
| 143-3 | Exhibit E to Declaration of Declaration of Dexter S. Whitley In Support Of Plaintiff's Reply To The Motion For Discovery Sanctions Based On Sigray Inc.'s First Amended Initial Disclosures | None |

Because Sigray does not request that the other exhibits to Carl Zeiss's reply be sealed, it shall file Dkt. Nos. 143-2 and 143-3 on the public docket by **December 14, 2023**.

This order terminates Dkt. Nos. 134 and 143.

**IT IS SO ORDERED.**

Dated: December 7, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge