UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC., <br><br>Plaintiff,<br><br>v.<br><br>SIGRAY, INC.,<br><br>Defendant. | Case No.   21-cv-01129-EJD <br><br>**SECOND ORDER REGARDING MOTION FOR RECONSIDERATION** <br><br>Re: ECF No. 239 |

Defendant Sigray, Inc. moved for leave to file a motion for reconsideration of the Court's September 27, 2024 order granting Plaintiff's Carl Zeiss X-Ray Microscopy, Inc.'s ("Zeiss") motion for summary judgment (ECF No 230 ("MSJ Order")). Sigray's Motion for Leave to File a Motion for Reconsideration ("Mot."), ECF No. 232. Sigray requests that the Court reconsider its decision granting summary judgment of literal infringement as to U.S. Patent No. 7,400,704 (the "'704 Patent").

On November 4, 2024, the Court permitted Sigray to file a limited motion to reconsider only as to Sigray's arguments in its motion for reconsideration regarding claim 7's structure (*see* Mot. 14–17 (Part IV(A)). In its order permitting Sigray to file a limited motion for consideration, the Court explained that it was skeptical Sigray's motion warranted reconsideration. ECF No. 238. Sigray refiled its motion for reconsideration on November 5, 2024, and Zeiss filed an opposition on November 13, 2024 (ECF No. 239 ("Opp.")).

Having carefully considered the parties' briefing and the relevant case law, the Court **DENIES** Sigray's motion. Sigray argues that the Court clearly erred by "altering Claim 7's structure" by "holding that the sample holder need not 'comprise' the recited 'z-axis motion stage'

Case No.: 21-cv-01129-EJD
ORDER DENYING MOTION FOR RECONSIDERATION

1

limitation." Mot. 14–15.  The Court's holding did not treat the z-axis motion stage limitation as "immaterial" as Sigray contends.  Rather, the Court determined that the "one or more z-axis motion stages" in the parties' stipulated construction of the final limitation is not limited to a single "z-axis motion stage[']" that is part of the sample holder, but is broad enough to also cover two "z-axis motion stages," one for the source and the other for the detector, as in the preferred embodiment.  This conclusion does not amount to a holding that the "one or more z-axis motion stages" in the parties' stipulated construction need not be present at all.  This conclusion does, however, amount to a holding that, the Accused Products infringe because, in those Accused Products, "the source-to-sample and sample-to-detector distances are controlled by [z-axis] motion stages under the source and the detector."  MSJ Order at 13.  For this reason, the Court also rejects Sigray's contention that the Court simply substituted the word "and" in claim 7 with the word "or," which "deleted an entire 28-word claim limitation, leaving 0% of it."  *Id.* at 15–16.  The Accused Products contain z-axis motion stages that meet the claim, as construed, and such a finding does not violate the "all elements rule."

*     *     *

By March 7, 2025 at 6:00pm, the parties are ORDERED to submit a joint status report indicating their updated availability for trial.  Following receipt of the report, the Court will set a trial date and determine whether a hearing on the pending motions is appropriate.

**IT IS SO ORDERED.**

Dated: March 3, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-01129-EJD
ORDER DENYING MOTION FOR RECONSIDERATION
2