UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIGRAY, INC.,<br><br>Defendant. | Case No. 21-cv-01129-EJD<br><br>**ORDER GRANTING MOTION TO STRIKE LATE-DISCLOSED WITNESSES**<br><br>Re: ECF No. 248 |

Plaintiff Carl Zeiss X-Ray Microscopy, Inc. ("Zeiss") brought this patent infringement and trade secret misappropriation case against Sigray, Inc. ("Sigray"). Zeiss alleges that Sigray misappropriated trade secrets generally related to x-ray microscopy and infringes U.S. Patent No. 7,057,187 (the "'187 Patent") and U.S. Patent No. 7,400,704 ("'704 Patent"). Before the Court is Zeiss's motion to strike Sigray's witnesses, Dr. Jiaqi Jin, Dr. Charlotte Garing, Haibo Huang, Bernard Kozioziemski, and Dr. Francisco Machuca. Zeiss's Mot. to Strike Late-Disclosed Witnesses ("Mot."), ECF No. 248.

For the reasons stated below, the Court GRANTS Zeiss's motion to strike.

## I.   BACKGROUND

This case was filed more than four years ago on August 21, 2020. ECF No. 1. Fact discovery in this case closed on February 16, 2023, and expert discovery closed on July 27, 2023. ECF Nos. 118, 158. Sigray disclosed witnesses Drs. Jiaqi Jin and Charlotte Garing in its Fourth Amended Initial Disclosures on January 29, 2024. Mot. 1; *see also* ECF No. 248-2. Sigray then disclosed witnesses Haibo Huang, Bernard Kozioziemski, and Dr. Francisco Machuca in its

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES

1  Supplemental Initial Disclosures on December 18, 2024. Mot. 1; *see also* ECF No. 248-3.

2  On February 13, 2025, Zeiss filed the present motion to strike. The motion was fully briefed on March 7, 2025. Sigray's Opp. to Mot. to Strike ("Opp."), ECF No. 254; Reply in Supp. of Mot. to Strike ("Reply"), ECF No. 260-2. The Court took the motion under submission on March 14, 2025. ECF No. 264.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires the disclosure of "each individual likely to have discoverable information . . . the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). "A party must make its initial disclosures based on the information then reasonably available to it." *Id.* at 26(a)(1)(E). A party who has made an initial disclosure pursuant to Rule 26(a) "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or writing." *Id.* at 26(e). Parties who fail to comply with these disclosure requirements are subject to a sanction under Rule 37(c)(1), which provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." *Id.* at 37(c)(1).

## III.  DISCUSSION

### A.  Timeliness

Zeiss argues that Sigray's disclosure of five additional witnesses after the close of fact and expert discovery is untimely under Rule 26. Mot. 2–3. Zeiss does not dispute that Sigray has a duty to supplement its initial disclosures under Federal Rule of Civil Procedure 26(e) or that this duty extends past the close of discovery. *See* Reply 1–4. And for good reason, because "the Rule 26(e) duty to supplement . . . does, in fact, extend beyond the discovery cutoff date." *Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014); *see also Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942-RS (TSH), 2019 WL 5565942, at *2

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES

2

(N.D. Cal. Oct. 29, 2019); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013). That said, Zeiss argues that Sigray's supplemental disclosures of five witnesses are still untimely because Sigray knew or should have known of its intent to rely on such witnesses well before it disclosed their identities. *See* Mot. 3. Sigray counters that it timely disclosed the witnesses in response to Zeiss's recent inclusion of additional sales in the case, or alternatively, that it was substantially justified in its timing. Opp. 5.

"Although Rule 26(e) requires parties to supplement their disclosures 'in a timely manner,' that phrase is not defined by the Rule, and depends on the facts and circumstances of the case." *LD v. United Behav. Health*, No. 20CV02254YGRJCS, 2022 WL 4372075, at *7 (N.D. Cal. Sept. 21, 2022) (citing *Markson v. CRST Int'l, Inc.*, No 517CV1261SBSPX, 2021 WL 5969519, at *1 (C.D. Cal. Nov. 23, 2021)). Among others, the factors most relevant to the question of timeliness here are (1) when Sigray was or should have been aware of the information that is the subject of the supplementation, and (2) whether the supplementation was delayed due to factors beyond its control. *See id.* (citing *Markson*, 2021 WL 5969519 at *1).

Here, signs point to Sigray's disclosures being untimely. Sigray had notice of Zeiss's position that the two are direct competitors in a two-party market and that there are no non-infringing alternatives as early as April 25, 2022, when Zeiss served its Patent Local Rule 3-8 Damages Disclosure. *See* ECF No. 246-3 at 8–10. Sigray was reminded of this a year later on April 18, 2023, when Zeiss served its expert report on damages. ECF No. 247-2 at 57. At this point during expert discovery, Sigray was or at least should have been aware that the competitive market and the existence of non-infringing alternatives would be crucial to Zeiss's ability to prove damages. Yet, Sigray did not disclose witnesses who would provide testimony regarding these subjects—described in Sigray's supplemental initial disclosures as "non-infringing alternatives," "competition between manufacturers," and "Prospective customer purchase decision-making amongst competing devices manufacturers"—until January and December 2024, more than eight months after being served with Zeiss's expert report. *See* ECF No. 248-2 at 9; ECF No. 248-3 at 9–10.

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES

3

1  Sigray fails to offer a compelling reason for why its supplementary disclosure was delayed.
2  In its defense, it claims that the additional witnesses "may have information relevant to
3  understanding the true market in which Zeiss and Sigray compete, including the presence of third-
4  party alternative products. . . . *as it relates to recent sales*." Opp. 6 (emphasis added). In other
5  words, Sigray's view is that these witnesses have only recently become relevant in response to
6  Zeiss's attempt to expand its case to encompass Sigray's recent sales. *See* ECF No. 249-3. This
7  explanation is unpersuasive. The market in which Zeiss and Sigray compete, including whether
8  non-infringing alternatives exist, has been an issue since April 2022, when Zeiss served its Patent
9  Local Rule 3-8 Damages Disclosure. Sigray did not offer customer testimony to rebut Zeiss's
10 contention of lost profits damages until months after the close of expert discovery.

Further, the timeline of events does not align with Sigray's proffered reason for delay. Sigray's sale to the University of Utah—the proposed subject of testimony from one of Sigray's supplemental witnesses, Dr. Jiaqi Jin—occurred in December 2022, two months before the close of fact discovery, and four months before initial expert reports. ECF No. 253-3. Zeiss's damages expert even identified that sale in her initial expert report and incorporated it into her opinion. ECF No. 260-4 (Expert Report of Kimberly J. Schenk). Despite all this, Sigray failed to disclose Dr. Jin as a witness who would testify regarding that sale until January 2024. Reply 2; ECF No. 253-3. Neither Sigray's amended initial disclosures nor its briefing here clarify why it could not have disclosed Dr. Jin earlier. Sigray's failure to do so calls into question its reason for not disclosing the other additional witnesses earlier during expert discovery. *See Markson v. CRST Int'l, Inc.*, No 517CV1261SBSPX, 2021 WL 5969519, at *1 (C.D. Cal. Nov. 23, 2021) (finding supplementation untimely where "defendant fail[ed] to articulate what information it uncovered that led it to consider new arguments . . . [or] provide any reason to believe its belated reconsideration of its defense arguments could not have occurred earlier.")

Zeiss urges the Court to apply its holding in *Microsoft Corp. v. Corel Corp.*, No. 5:15-cv-05836-EJD (N.D. Cal. Jan. 23, 2018) (Second Order Re: Motions *In Limine*, ECF No. 286) to the instant case. In *Microsoft*, the Court precluded testimony from two late-disclosed witnesses,

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES
4

rejecting the plaintiff's argument that it could not have disclosed the witnesses during fact discovery, or alternatively, that the late disclosures were harmless.

Sigray contends that the facts here differ from those in *Microsoft* because (1) no trial date has been set, and (2) Sigray's additional witnesses only became relevant after the close of fact discovery. Opp. 6. Both arguments are unavailing. The absence of set trial dates before Sigray disclosed its additional witnesses is not dispositive. As Sigray notes, the Advisory Committee Notes for Rule 26(e) suggest that supplementations should be made "with *special* promptness as the trial date approaches." Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment (emphasis added). This guidance suggests greater urgency for supplementing initial disclosures when a trial date is set and drawing near but does not alter Rule 26(e)'s basic obligation to supplement in "a timely manner." Further, as discussed above, the Court is unconvinced that Sigray's additional witnesses only became relevant months after the close of discovery. Customer witnesses to rebut Zeiss's lost profit theory became relevant as early as April 2022, when Zeiss disclosed its damages position. Sigray claims that these specific witnesses were disclosed in response to Zeiss's inclusion of recent sales of allegedly infringing products in its damages calculation. Opp. 6. However, the timing of their disclosure and the proposed subject matter of their testimony belie that assertion. Sigray offers no other compelling justification for not disclosing the new customer witnesses until months after the close of fact and expert discovery.

Sigray's citation to *Iacono v. Int'l Bus. Machines Corp.*, No. CV178083FMOPLAX, 2019 WL 2949024 (C.D. Cal. May 7, 2019) fares no better. In that case, the late-disclosing plaintiff requested to reopen discovery and permit depositions of the plaintiffs in related age discrimination actions filed against the defendant. *Id.* at *2. The court granted the plaintiff's request to depose those witnesses, even though they had been disclosed three months after the close of fact discovery, because the plaintiff had "clearly made known his reliance" on the actions earlier in the case. *Id.* Here, on the other hand, Sigray delayed nearly a year after the close of fact discovery to start disclosing its customer witnesses and did not convey its intent to rely on testimony from such witnesses at any point before then. *See* Mot. 1. Sigray offers no evidence to rebut that point.

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES
5

As such, based on the facts presented here, Sigray's disclosure of five new customer witnesses is neither timely nor substantially justified.

### B. New Defenses

Next, Zeiss argues that Sigray disclosed additional witnesses to improperly inject new defenses into the case after the close of discovery. Mot. 3–4. Sigray counters that it intends to rely on these new witnesses to update an already-existing defense in response to Zeiss's inclusion of additional sales. Opp. 6.

Regardless of whether Sigray is presenting a "new" defense, the Court is not persuaded that Sigray could not have introduced customer testimony earlier during discovery. Sigray offered its five new witnesses to provide testimony about how customers make purchasing decisions regarding x-ray microscopes. Sigray admits as much. Opp. 4 ("Sigray expects that actual customers will testify they would not have made such purchases—for example because they would have instead purchased a device from a third-party competitor, a non-accused Sigray alternative device, or simply purchased nothing at all due to Zeiss's products being too expensive."). Nothing about this description, or the subject of each witness's expected testimony as summarized in Sigray's supplemental initial disclosures, is limited only to the recent sales. Customer purchasing decisions became relevant when Zeiss disclosed its lost profits theory of damages and developed that theory in its expert report. Sigray claims that the five new witnesses are related only to recent sales, but if Sigray had intended to rely on customer witnesses to demonstrate the competitive market or the existence of non-infringing alternatives all along, it had the opportunity to introduce such evidence well before the close of discovery. As a prime example, Sigray could have communicated its intent to rely on customer testimony to support its defense against lost-profits damages around December 2022 (the date of the sale to the University of Utah) by disclosing Dr. Jiaqi Jin.

### C. Prejudice

Zeiss claims that it would suffer prejudice if the Court were to allow testimony from Sigray's late-disclosed witnesses, because Zeiss's experts formulated their opinions and damages

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES

6

theories based on the record available at the close of fact discovery, which did not include testimony from Sigray's new customer witnesses. Mot. 4. Sigray does not dispute this,[1] but points to three facts to support its argument that any late disclosure is nevertheless harmless: (1) Zeiss refused to conduct depositions of the two witnesses in Sigray's January 2024 supplemental disclosure and waited over a year before moving to strike them; (2) no trial date has been set; and (3) other ongoing events, including Zeiss's pending motion for leave to serve supplemental expert reports, will affect the scope of the trial, so there is time for discovery on the recent sales. Opp. 6–7. The Court addresses each in turn.

*First*, the fact that Zeiss chose not to conduct depositions of the two witnesses in Sigray's January 2024 supplemental disclosure and waited before moving to strike them does not necessarily defeat Zeiss's claim. The Court rejected a similar argument in *Microsoft*. *Microsoft Corp. v. Corel Corp.* No. 5:15-cv-05836-EJD, at *3 (N.D. Cal. Jan. 23, 2018) (rejecting plaintiff's argument that, because the defendant had been aware of and thus had the opportunity to depose the additional witness for about 10 months, late disclosure was harmless). There, the Court found the circumstances of that case to be "complicated enough that simply disclosing [the additional witness] during expert discovery or offering his deposition on the eve of trial [did] not make [the] late disclosure harmless." *Id.* at *4.

The facts in the instant case weigh even more heavily in favor of prejudice than in *Microsoft*. Here, Sigray did not disclose its first two customer witnesses until expert discovery had already been closed for roughly six months. Zeiss's damages expert relied on the record at the close of fact discovery, so she did not have the opportunity to review customer witness testimony when forming her opinion. Additionally, as Sigray itself notes, there are already several ongoing events that may complicate the scope of this case before trial. Opp. 6–7. Introducing unanticipated customer testimony at this stage would further delay and hinder Zeiss's ability to

---

[1] The Court notes that the burden is on Sigray, not Zeiss, to prove that Zeiss will not be prejudiced by any late disclosure. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES
7

prepare for trial.

*Second*, though the lack of a set trial date does somewhat diminish the urgency of supplementing disclosures, it does not fully abate the harm to Zeiss's ability to prepare its case. The fact that there was no trial date when Sigray began disclosing its customer witnesses does not change that Zeiss' damages expert was deprived of the opportunity to review customer testimony before forming her opinion. Recent events further undercut Sigray's argument. On March 7, 2025, the parties submitted their dates of availability for trial. *See* ECF No. 262. Given that they suggested dates between April and September of this year, the parties understand that trial is imminent. Now is not the time to develop testimony from new customer witnesses that could significantly alter the parties' preparation for trial.

*Third*, reference to the other ongoing events that may affect the scope of the case is counterproductive to Sigray's opposition. At this stage of the litigation, the parties are preparing to head to trial. Reopening discovery to allow for the depositions of five new customer witnesses would introduce further delays in the case, adding more fuel to the fire.

Accordingly, Sigray has not met its burden to show that its late disclosure would be harmless.

## IV.   CONCLUSION

Zeiss's motion to strike witnesses Dr. Jiaqi Jin, Dr. Charlotte Garing, Haibo Huang, Bernard Kozioziemski, and Dr. Francisco Machuca is GRANTED. Sigray is precluded from offering any testimony from these witnesses at trial.

**IT IS SO ORDERED.**

Dated: April 1, 2025

Edward J. Davila
United States District Judge

Case No.: 21-cv-01129-EJD
ORDER RE MOT. TO STRIKE WITNESSES
8