UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIGRAY, INC.,<br><br>Defendant. | Case No. 21-cv-01129-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORTS**<br><br>Re: ECF No. 250 |

Plaintiff Carl Zeiss X-Ray Microscopy, Inc. ("Zeiss") brought this patent infringement and trade secret misappropriation case against Sigray, Inc. ("Sigray"). Zeiss alleges that Sigray misappropriated trade secrets generally related to x-ray microscopy and infringes U.S. Patent No. 7,057,187 (the "'187 Patent") and U.S. Patent No. 7,400,704 ("'704 Patent"). Before the Court is Zeiss's motion for leave to serve supplemental expert reports. Zeiss's Mot. for Leave to Serve Suppl. Expert Reports ("Mot."), ECF No. 250.

For the reasons stated below, the Court GRANTS Zeiss's motion for leave.

I.  **BACKGROUND**

This case was filed more than four years ago on August 21, 2020. ECF No. 1. Zeiss accuses Sigray of selling two types of infringing x-ray microscopes: the Prisma x-ray microscope (the "Prisma Accused Products") and the TriLambda x-ray microscope (the "TriLambda Accused Products") (collectively, the "Accused Products"). Zeiss contends that all Accused Products infringe claims 1–6 and 8–12 of the '187 Patent, and that the TriLambda Accused Products also infringe claim 17 of that patent. Further, Zeiss contends that the Prisma Accused Products

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
1

1  infringe claims 1–7 and 9–15 of the '704 Patent. Sigray does not dispute that the Prisma Accused

2  Products infringe claims 1–6 of the '704 Patent. *See* ECF No. 190 at 3. The Court held at

3  summary judgment that the Prisma Accused Products also infringe claims 7 and 9–15 of the '704

4  patent, ECF No. 230 at 13–14, and denied Sigray's motion for reconsideration. ECF No. 256.

5  The Court also held that the Accused Products infringe all asserted claims of the '187 Patent. ECF

6  No. 230 at 13.

7  Fact discovery in this case closed on February 16, 2023, and expert discovery closed on

8  July 27, 2023. ECF Nos. 118, 158.

9  On February 13, 2025, Zeiss filed the present motion to serve supplemental expert reports.

10  The motion was fully briefed on February 27, 2025. Sigray's Opp. to Mot. to Serve Suppl. Expert

11  Reports ("Opp."), ECF No. 252. The Court took the motion under submission on March 14, 2025.

12  ECF No. 264.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(e) requires a party to supplement its expert reports "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A), (e)(2). "[T]he Rule 26(e) duty to supplement . . . does, in fact, extend beyond the discovery cutoff date." *Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014); *see also Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942-RS (TSH), 2019 WL 5565942, at *2 (N.D. Cal. Oct. 29, 2019); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013). Such supplementation "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," *i.e.*, 30 days before trial, unless the Court orders otherwise. Fed. R. Civ. P. 26(e)(2); *see also id.* at 26(a)(3). When a discovery cut-off deadline is set by the Court's scheduling order, reopening discovery by modifying that order requires demonstration of good cause. *Id.* at 16(b)(4).

## III.  DISCUSSION

Zeiss served its initial reports on liability and damages on April 18, 2023 and its reply

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
2

reports on June 9, 2023. Mot. 3–4. After service of those reports, Sigray produced documents that identify additional sales of products that Zeiss claims are Accused Products. *Id.* Zeiss seeks leave to serve a supplemental expert report from its liability expert, Dr. Gregory Denbeaux, to explain how Sigray's additional sales infringe for the same reasons as did the earlier sales of Accused Products. Mot. 1. Zeiss also seeks to serve an updated report from its damages expert, Ms. Kimberly Schenk, to account for the sales in her damages calculation. *Id.*

Sigray does not oppose Zeiss's motion for supplemental expert reports but seeks a broader order also reopening succinct fact and expert discovery to accompany the reports. Opp. 4. This response raises two issues for the Court to determine: (1) whether the Rules permit Zeiss to serve supplemental expert reports in the first instance; and (2) if so, whether good cause exists to reopen discovery regarding the supplemental reports.

### A. Duty to Serve Supplemental Expert Reports

Zeiss argues that Sigray's recent production of information concerning additional sales of Accused Products constitutes good cause for supplemental expert reports. Mot. 3–5. Zeiss maintains that it needs to update its expert reports to demonstrate that these additional sales also infringe the asserted patents and update its damages calculation accordingly.

The Court need not reach the issue of whether Zeiss has demonstrated good cause to modify the Court's scheduling orders. Federal Rule of Civil Procedure 26(e)(2) provides an alternative procedure by which Zeiss may supplement its experts' reports. *See Holiday Resales, Inc. v. Hartford Cas. Ins. Co.*, No. 2:07-CV-01321-JLR, 2008 WL 11343449, at *2 (W.D. Wash. Oct. 2, 2008). Rule 26(e)'s duty to supplement expert reports applies even after the close of discovery, thus obviating the need to reopen discovery. *See Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014)

*Holiday Resales* is instructive. There, the plaintiff moved to reopen discovery so it could update the damages report of its expert to include anticipated damages through a postponed trial date. *Id.* at *1. Instead of granting that motion, the court took a different tack and found that Rule 26(e)(2) *required* the plaintiff to supplement its damages report. *Id.* at *2 ("[T]he court need not

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
3

grant the motion to reopen discovery in order for Holiday to file a supplemental damages report. Rather, pursuant to Federal Rule of Civil Procedure 26(e)(2), Holiday not only may supplement its damages report, but has an obligation to do so."). In other words, the plaintiff had a duty to supplement its expert report up to the deadline for pretrial disclosures. The same duty applies to Zeiss here.

However, Zeiss's duty to supplement its expert reports is not limitless. The supplemental reports must not be "significantly different from the original reports and, in [e]ffect, alter[] their theories. . . . Nor may a supplemental report contain additional opinions or rationales or seek[] to 'strengthen' or 'deepen' opinions expressed in the original expert report." *Id.* (cleaned up) (alterations in original). "Rather, [s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)) (internal quotations omitted).

Here, the limited scope of Zeiss's proffered supplemental expert reports—to incorporate additional sales of allegedly infringing products since the service of the initial reports—raise no concern. The supplemental reports will merely extend the same logic in the experts' original reports to the additional sales. Mot. 4 ("Dr. Denbeaux will explain why the new sales infringe under the same theories of infringement that he applied to the earlier Prisma systems, and Ms. Schenk will apply her same lost profits analysis to the new sales to arrive at the new total damages figure."). Such supplementation is proper. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS (SVK), 2024 WL 4789136, at *2 (N.D. Cal. Nov. 14, 2024) ("[T]he proffered supplemental report is not a new legal theory; it is an updated analysis of the impact of sales caps based upon updated sales information produced in May 2024. . . . Accordingly, in consideration of the facts of this case, Rule 26(e) and the relevant case law, . . . Plaintiffs may submit [their] supplemental report."); *ASC Engineered Sols., LLC v. Island Indus., Inc.*, No. 220CV02284JPMCGC, 2021 WL 2941989, at *2 (W.D. Tenn. July 13, 2021) ("Amended or

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
4

supplemental expert reports are also permitted where the expert is correcting a damages calculation based on information that was not available when the expert prepared the initial report, as long as the expert does not rely on an entirely new legal theory in correcting his supplementation.").

Accordingly, Zeiss may serve its supplemental expert reports. The Court has not yet set trial dates or a deadline for pretrial disclosures, so Rule 26(a)(3)'s 30-day deadline does not circumscribe the date by which Zeiss must serve the supplemental expert reports. The Court directs the parties to the schedule discussed below in the Conclusion.

### B.     Good Cause to Reopen Discovery

Sigray does not oppose Zeiss's supplemental expert reports but argues that they must be accompanied by corresponding fact and expert discovery. Opp. 1. Though Sigray is not the movant here, it is, in effect, moving the Court to reopen discovery through its opposition.

A party moving to reopen discovery must show good cause. Fed. R. Civ. P. 16(b)(4). In evaluating good cause, courts consider five factors: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that discovery will lead to relevant evidence." *City of Pomona v. SQM N.A. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1996) (vacated on other grounds)). The inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). If the "[moving] party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.

Here, neither party has submitted evidence of any delay by Sigray to obtain expert discovery regarding the additional sales. The parties appear to have at least discussed scheduling depositions of Zeiss's experts following service of their supplemental reports. *See* Opp. 1; ECF

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
5

No. 260-2. However, the same cannot be said of Sigray's attempts to obtain fact discovery regarding the additional sales. As the Court explains in its order granting Zeiss's Motion to Strike Late-Disclosed Witnesses, Sigray had the opportunity to disclose customer witnesses to provide testimony concerning the additional sales during the fact discovery period. ECF No. 267. Sigray failed to do so through the close of expert discovery, knowing that Zeiss's experts had relied on the record at the close of fact discovery in forming their opinions. As such, Sigray has established diligence in obtaining expert discovery regarding the additional sales, but not in obtaining pertinent fact discovery.

Other factors weigh in favor of good cause to reopen expert discovery. No trial date has been set. The parties somewhat dispute whether Zeiss has agreed to additional expert discovery regarding the supplemental reports, but taken at its word, Zeiss would not be opposed to further expert discovery limited to the additional sales. *Compare* Opp. 1 (asserting that Zeiss "has not agreed that it would make its experts available for depositions on [the supplemental] reports"), *with* ECF No. 260-2 (Zeiss's Reply in Support of Its Motion to Strike Late-Disclosed Witnesses) at 6 ("Zeiss never refused to agree to additional expert depositions. . . . Nor did Zeiss refuse to agree to supplemental rebuttal reports from Sigray's experts."). Finally, Zeiss itself claims that additional expert discovery following service of its supplemental reports would not delay trial, so it would not suffer prejudice. ECF No. 260-2 (Zeiss's Reply in Support of Its Motion to Strike Late-Disclosed Witnesses) at 3 n.4 ("While Zeiss intends to submit supplemental expert reports . . . those reports do not require delaying trial. Zeiss understands Sigray desire to re-depose Zeiss's experts, but those depositions will be limited in scope, and the parties can complete them without affecting trial scheduling.").

Good cause appearing, the Court grants Sigray leave to conduct supplemental depositions of Dr. Denbeaux and Ms. Schenk limited to the additional sales in the supplemental expert reports. The Court also grants Sigray leave to serve supplemental rebuttal expert reports on liability and damages limited to the additional sales.

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
6

## IV. CONCLUSION

Zeiss's motion for leave to serve supplemental expert reports is GRANTED. Zeiss must serve its supplemental reports by April 18, 2025.

The Court grants Sigray leave to conduct supplemental depositions of Dr. Gregory Denbeaux and Ms. Kimberly Schenk limited to the new material in Zeiss's supplemental expert reports. Both depositions must be completed by May 2, 2025. Sigray may serve rebuttal reports by May 16, 2025 and make its experts available for rebuttal depositions to be completed by May 30, 2025. Each of Sigray's and Zeiss's depositions may not exceed two (2) hours in length.

By April 11, 2025, the parties are further ordered to submit a joint status report indicating whether trial beginning at the end of August is feasible given the supplemental expert discovery described in this Order. If so, the report must also include a proposed schedule with deadlines for pretrial briefing. If this timing is not feasible, the report must provide the parties' updated availability for trial.

**IT IS SO ORDERED.**

Dated: April 1, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-01129-EJD
ORDER RE MOT. FOR SUPPL. EXPERT REPORTS
7