UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC., <br><br>Plaintiff, <br><br>v. <br><br>SIGRAY, INC., <br><br>Defendant. | Case No.  5:21-cv-01129-EJD <br><br>**ORDER REGARDING MOTIONS IN LIMINE** <br><br>Re: ECF Nos. 285, 286, 296, 297, 300 |

In advance of the Pretrial Conference scheduled for August 7, 2025, the Court issues the below order regarding some of the pending motions *in limine* ("MIL") to guide the discussion. The parties should be prepared to discuss the remaining MILs at the Pretrial Conference:

- Sigray's MIL No. 1 (ECF No. 284)
- Sigray's MIL No. 4 (ECF No. 287)
- Zeiss's MIL No. 1 (ECF No. 290)
- Zeiss's MIL No. 2 (ECF No. 294)
- Zeiss's MIL No. 5 (ECF No. 299)

## I.   SIGRAY'S MOTIONS IN LIMINE

### A.   MIL No. 2 to Exclude Evidence or Argument Regarding Three Former Xradia/Zeiss Employees

Sigray moves to preclude Zeiss from introducing evidence or argument regarding Sigray's hiring of three former Xradia/Zeiss employees (the "Former Employees").  ECF No. 283-3. Zeiss's amended complaint alleges that Sigray recruited from Zeiss several employees, including

Case No.: 5:21-cv-01129-EJD
ORDER REGARDING MOTIONS *IN LIMINE*

1

the Former Employees, who had previously worked at Xradia. Sigray argues that, aside from that allegation, Zeiss has neither contended nor acquired evidence that the Former Employees had any part in the alleged trade secret misappropriation. Zeiss counters that evidence concerning the Former Employees is relevant to its trade secret misappropriation, unfair competition, and willful patent infringement claims. ECF No. 322-1.

The Court **DENIES** Sigray's MIL No. 2. The past employment of the Former Employees by Xradia and Zeiss is probative of Sigray's access to Zeiss's confidential information, whether Sigray unfairly competed with Zeiss by gaining access to that confidential information, and Sigray's knowledge of Zeiss's patents. Sigray has not shown that the anticipated evidence and argument will overly prejudice or mislead the jury, especially given their relevance to the claims and defenses in this case. To the extent Sigray still believes that the evidence Zeiss presents at trial concerning the Former Employees is irrelevant to the merits of this case, Sigray may object when such evidence is presented.

### B.    MIL No. 3 to Exclude Evidence or Argument of Financial Remedies Other Than Lost Profits

Sigray moves to preclude Zeiss from introducing evidence or argument regarding financial remedies other than lost profits. ECF No. 283-4. Sigray claims that Zeiss failed to disclose the calculation of reasonable royalty or unjust enrichment damages—including in Zeiss's expert reports—so Zeiss should not be allowed to pursue these remedies at trial. Zeiss appears to concede that it will not pursue unjust enrichment damages but argues that it is statutorily entitled to present evidence regarding a reasonable royalty as a floor for damages pursuant to 35 U.S.C. § 284. ECF No. 309.

The Court **GRANTS IN PART** and **DENIES IN PART** Sigray's MIL No. 3. Zeiss does not oppose the MIL as to unjust enrichment damages, so it may not pursue that remedy at trial. However, Zeiss may present evidence concerning a reasonable royalty. The Federal Circuit has made clear that, when infringement is found, courts must award at least reasonable royalty damages. *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003).

Case No.: 5:21-cv-01129-EJD
ORDER REGARDING MOTIONS *IN LIMINE*
2

Accordingly, even if the jury rejects Zeiss's expert testimony on lost profits, the jury may still consider the evidence presented to determine damages on a reasonable royalty basis. To that end, the parties shall meet and confer as to what kind of reasonable royalty evidence Zeiss intends to use and how it will be presented.

## II.     ZEISS'S MOTIONS IN LIMINE

### A.     MIL No. 3 to Exclude Witness Testimony Regarding Non-Infringing Alternatives

Zeiss seeks to preclude (1) lay witness testimony, including that of Ms. Sylvia Lewis, regarding non-infringing alternatives, and (2) testimony by Sigray's damages expert, David Hanson, regarding an allegedly non-infringing alternative to the accused Eclipse product called the "No Sample Y Motion Redesign." ECF No. 295-3. Zeiss argues that, as a lay witness, Lewis may not testify as to whether any alleged alternative is non-infringing. ECF No. 314-2. Zeiss also contends that Hanson's opinion concerning the No Sample Y Motion Redesign lacks foundation because he relied on a conversation he had with Lewis and is untimely because he could have disclosed the No Sample Y Motion Redesign earlier. *Id.*

The Court **DENIES** Zeiss's MIL No. 3. Lewis may testify about the structure, operation, and implementation of the No Sample Y Motion Redesign. As Sigray's president, Lewis is competent to testify about these facts because Sigray sells its Apex device, which already implements the No Sample Y Motion Redesign. However, Lewis may not go further to opine that the No Sample Y Motion Redesign does not infringe the patents at issue in this case. *See* Fed. R. Evid. 701.

The Court will also allow Hanson to testify that the No Sample Y Motion Redesign is a non-infringing alternative. Hanson's disclosure of the No Sample Y Motion Redesign was timely because Sigray's Eclipse product was not a part of this case until a few months prior to the disclosure. In 2023, Zeiss's technical and damages expert reports only addressed Sigray's TriLambda and Prisma products. Zeiss began accusing the Eclipse product in February 2025, when Zeiss served supplemental expert reports. Hanson responded to those supplemental reports

with his own report in May 2025, in which he opined that the No Sample Y Motion Redesign is a non-infringing alternative to the Eclipse product. Furthermore, Hanson's opinion does not lack foundation. He may properly rely on testimony from lay witnesses, like Lewis, to form his opinions. *See* Fed. R. Evid. 703 ("[an] expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). To the extent Zeiss contests the weight and basis of Hanson's opinion, Zeiss may cross examine Hanson at trial.

### B. MIL No. 4 to Exclude Evidence or Argument Regarding Post-Grant Proceedings

Zeiss moves to exclude evidence, testimony, and argument regarding any post-grant proceedings, including inter partes review and *ex parte* reexamination, on the patents asserted in this case. ECF No. 297. Zeiss argues that these post-grant proceedings are irrelevant because invalidity is no longer an issue in this litigation. Further, Zeiss contends that such evidence will confuse the jury and waste time, because the parties will be required to explain and contextualize the post-grant proceedings to the jury. Sigray opposes Zeiss's motion and claims that the post-grant proceedings are highly probative of whether Sigray infringed Zeiss's patents willfully. ECF No. 313.

The Court **DENIES** Zeiss's MIL No. 4. Evidence of post-grant proceedings that Sigray initiated is relevant to whether Sigray had a good-faith belief that Zeiss's patents were invalid. In other words, the evidence is relevant to whether Sigray had the specific intent to infringe the asserted patents. That said, the Court agrees with Zeiss that explaining the post-grant proceedings and what they mean risks confusing the jury. The parties therefore shall meet and confer to limit the scope of what post-grant proceeding evidence they will present at trial. Such evidence should be limited to only what is necessary to aid the jury in determining Sigray's willfulness.

### C. MIL No. 6 to Exclude Testimony or Argument Regarding Zeiss's Motives for Filing This Suit

Zeiss seeks to exclude testimony or argument that it used the existence of the instant lawsuit for competitive advantage in its sales efforts against Sigray. ECF No. 300. Sigray responds that if Zeiss attempts to characterize its own motives for filing this suit, Sigray should be

Case No.: 5:21-cv-01129-EJD
ORDER REGARDING MOTIONS *IN LIMINE*

allowed to rebut that characterization and respond in kind. ECF No. 311-1.

The Court **GRANTS** Zeiss's MIL No. 6. Neither side shall make any argument about Zeiss's reason for filing this lawsuit. Such argument is wholly irrelevant to the merits of the parties' claims and defenses and is highly likely to prejudice the jury. If either party attempts to make those arguments at trial, the opposing party may object.

**IT IS SO ORDERED.**

Dated: July 6, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01129-EJD
ORDER REGARDING MOTIONS *IN LIMINE*
5