UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC., <br><br>Plaintiff, <br><br>v. <br><br>SIGRAY, INC., <br><br>Defendant. | Case No. 5:21-cv-01129-EJD <br><br>**FINAL PRETRIAL ORDER** |

From email correspondence with the Court's courtroom deputy, the Court understands that the parties seek resolution of four issues before trial begins. In an effort to streamline trial proceedings, the Court addresses those four issues below.

## I. SIGRAY'S MOTION TO STRIKE

Sigray submits that the Court made a factual error in its August 20, 2025 order regarding Sigray's motion to strike. August Pretrial Order, ECF No. 375. In that Order, the Court declined to strike ATSs 9 and 12 in part because "Sigray did not object to the 2021 ID and conducted discovery based on that identification." *Id.* at 3. Sigray argues that the Court's decision not to strike ATSs 9 and 12 was incorrectly based on Zeiss's Initial Trade Secret Identification dated June 23, 2021 (Ex. 1, ECF No. 274-2 at 1–48) rather than its Third Amended Identification dated December 27, 2021 (Ex. 4, ECF no. 274-2 at 125–77). The latter is the "2021 ID" upon which the parties proceeded to discovery.

The Court agrees that the August Pretrial Order mistakenly analyzed the June 2021 identification instead of the December 2021 identification. As Sigray points out, it did in fact object to Zeiss's use of the language "any portions thereof" in the June 2021 identification,

Case No.: 5:21-cv-01129-EJD
FINAL PRETRIAL ORDER
1

1    resulting in Judge DeMarchi's November 2021 order denying Zeiss's motion to declare its trade

2    secret identification sufficient. ECF No. 77. Zeiss subsequently dropped the "any portions

3    thereof" language from the December 2021 identification. Without that language, Sigray's

4    argument that it suffers unfair surprise or prejudice from Zeiss's asserting ATSs 9 and 12 now

5    applies with greater force.

6    However, that was not the sole basis for the Court's decision not to strike ATSs 9 and 12.

7    The fact remains that "Zeiss's expert, Dr. Denbeaux, opined on ATSs 9 and 12, Sigray's experts

8    responded to Dr. Denbeaux's report, and Sigray deposed Dr. Denbeaux." August Pretrial Order at

9    3 (citing ECF No. 368-2 at 5, 7–8). Given that Sigray engaged in expert discovery on the very

10   ATSs they argue Zeiss failed to properly identify, the Court still finds that Zeiss's improper

11   identification was rendered harmless. Sigray's argument that this line of reasoning is inconsistent

12   with the Court's opinion on Zeiss's MIL No. 2 is unavailing. There, the Court excluded Dr. Liu's

13   2025 supplemental report because it backfilled opinions that could have been made in his initial

14   2023 report, and Sigray did not show that it was substantially justified in doing so. *Id.* at 8–9.

15   Because the Court is not altering its decision not to strike ATSs 9 and 12, it declines Zeiss's

16   invitation to also reconsider the Court's ruling as to ATSs 13 and 14. Accordingly, the Court will

17   not disturb its decision not to strike ATSs 9 and 12 nor its decision to strike ATSs 13 and 14.

18   **II.    SIGRAY'S MIL NO. 3: REASONABLE ROYALTY DAMAGES**

19   The parties also disagree about the extent to which Zeiss may seek reasonable royalty

20   damages as a remedy. The Court views this dispute as presenting two separate issues and

21   addresses them in turn.

22   First, the parties disagree as to whether Zeiss may indirectly propose a royalty amount to

23   the jury. According to the parties, Zeiss has agreed not to propose a royalty amount to the jury

24   because Zeiss did not previously disclose a calculation for a specific royalty. Even so, Sigray is

25   concerned that Zeiss may indirectly propose an amount by, for example, arguing that the royalty

26   amount should be the same as its lost profits damages. The Court agrees that, if Zeiss has already

27   agreed not to propose a specific royalty amount to the jury, it should not be permitted to do so in

28   Case No.: 5:21-cv-01129-EJD
     FINAL PRETRIAL ORDER
                                                  2

1   any manner.  But other than offering the single example of a way Zeiss may try to indirectly

2   propose a royalty amount, Sigray has not specified what exactly it seeks to prevent Zeiss from

3   arguing.  Given the vagueness of Sigray's request, the Court will leave it to Sigray to object at trial

4   if it believes Zeiss is attempting to indirectly propose a reasonable royalty amount, and the Court

5   will rule accordingly.

6   Next, Sigray contends that while Zeiss may seek a reasonably royalty for its patent

7   damages, it may not do so for its trade secret misappropriation claims.  Sigray also argues that, if

8   the Court does allow Zeiss to seek reasonable royalty damages for trade secret misappropriation,

9   the issue should be tried to the Court rather than the jury.

10  The Court previously denied in part Sigray's MIL No. 3 and allowed Zeiss to present

11  evidence concerning a reasonable royalty.  *See* ECF No. 361 at 2–3.  However, in doing so the

12  Court relied on statutory and Federal Circuit authority applicable only to damages for patent

13  infringement.  *Id.* (citing 35 U.S.C. § 284, *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370,

14  1381 (Fed. Cir. 2003)).  The Court's order therefore only pertained to reasonable royalty damages

15  for patent infringement.

16  At the outset, the Court sees no obvious reason to preclude Zeiss from also presenting a

17  theory of reasonable royalty damages for its trade secret misappropriation claims.  Zeiss asserts its

18  trade secret misappropriation claims under the Defend Trade Secrets Act (DTSA) and the

19  California Uniform Trade Secrets Act (CUTSA).  ECF No. 15.  Both statutes allow a plaintiff that

20  prevails in a trade secret misappropriation suit to claim reasonable royalty damages if the plaintiff

21  is unable to prove actual loss or unjust enrichment.  *See* 18 U.S.C. § 1836(b)(3)(B) ("In a civil

22  action brought under [the DTSA], a court may . . . award . . . in lieu of damages measured by any

23  other methods, the damages caused by the misappropriation measured by imposition of liability

24  for a reasonable royalty . . . ."); Cal. Civ. Code § 3426.3(b) ("If neither damages nor unjust

25  enrichment caused by misappropriation are provable, the court may order payment of a reasonable

26  royalty . . . .").  Further, the Court is not persuaded that Zeiss waived its right to seek a reasonable

27  royalty for its trade secret claims.  Zeiss reserved its right to seek such damages during discovery.

28  Case No.:  5:21-cv-01129-EJD
FINAL PRETRIAL ORDER

3

1   *See* ECF No. 288-10 at 5–6 (Zeiss's response to Sigray's Interrogatory No. 16).

2       That said, the Court finds it necessary to further discuss the issue of reasonable royalty damages with the parties before making a ruling. Specifically, the Court requires more information regarding what reasonable royalty evidence Zeiss intends to present, how it will be presented, what limitations should be placed on the evidence Zeiss may present, whether the jury (or the Court) will be expected to apply the *Georgia-Pacific* factors to the evidence presented, etc. Also, from what the Court can gather at this time, there appears to be conflicting case law on whether the jury or the Court decides the reasonable royalty. *Compare Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1308 (2010) ("A reasonable royalty is a court-determined fee imposed upon a defendant for his or her use of a misappropriated trade secret."), *with Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 990 (N.D. Cal. 2022) ("[T]he Seventh Amendment guarantees federal litigants the right to a jury determination of reasonable royalties under the CUTSA."). The parties should expect to discuss all of the above on **August 27, 2025**.

## III.  ZEISS'S MIL NO. 4: POST-GRANT PROCEEDINGS

The parties dispute the effect of the Court's order denying Zeiss's MIL No. 4. ECF No. 361 at 4. There, the Court found that evidence of post-grant proceedings that Sigray initiated is "relevant to whether Sigray had a good-faith belief that Zeiss's patents were invalid," but that Sigray's presentation of such evidence "should be limited to only what is necessary to aid the jury in determining Sigray's willfulness" to avoid confusing the jury. *Id.* Sigray now states that it intends to offer testimony from witnesses and supporting documents to show that, among other things, Sigray filed a petition for *inter partes* review challenging the asserted claims of the '704 patent, the Patent Office issued a decision upholding the validity of the challenged claims, Sigray appealed the Patent Office's decision in part, and the Federal Circuit reversed and remanded for further proceedings as to certain claims.

Sigray reads the Court's order too broadly. The Court intended to limit evidence of post-grant proceedings to only what is necessary to inform the jury that Sigray initiated the proceedings. It is the fact that Sigray challenged the patentability of the patents-at-issue in this

Case No.: 5:21-cv-01129-EJD
FINAL PRETRIAL ORDER
4

1  action that goes to whether Sigray willfully infringed.  Further evidence, such as the filings in

2  those proceedings, the prior art discussed, and the decisions entered, greatly increases the risk of

3  confusing the jury and would require the parties to expend unnecessary time explaining the

4  evidence.  As such, Sigray may present only such evidence as is necessary to show that it initiated

5  *inter partes* review and requested *ex parte* reexamination of the patents asserted in this case.

## IV.     REBUTTAL

Finally, the parties dispute whether Zeiss may present a rebuttal case during trial.  To be clear, the Court has not yet ruled on whether or not Zeiss may present a rebuttal case.  Sigray claims that the Court already rejected Zeiss's request to do so, but Sigray is mistaken.  At the final pretrial conference, the Court merely declined to include Zeiss's proposed preliminary jury instruction explaining that Zeiss would have an opportunity to present rebuttal evidence.  August 7, 2025 Hearing Tr., ECF No. 367 at 20:13–15.  The Court explained that it would not preliminarily instruct the jury of a rebuttal case and stated that "if there is a rebuttal, I do it at the moment and tell the jury at that time, a party has an opportunity to rebut the evidence." *Id.* at 20:21–23.  The Court has not changed its mind.  Zeiss may request the opportunity to present a rebuttal case at the appropriate time during trial—*i.e.*, after Sigray has presented its evidence and Zeiss has had the opportunity to cross-examine—and the Court will consider that request then.

**IT IS SO ORDERED.**

Dated: August 26, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01129-EJD
FINAL PRETRIAL ORDER
5