UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIGRAY, INC.,<br><br>　　　　Defendant. | Case No.　5:21-cv-01129-EJD<br><br>**ORDER REGARDING OPENING STATEMENTS, CONFIDENTIALITY DESIGNATIONS** |

## I.　OBJECTION REGARDING SIGRAY'S OPENING DEMONSTRATIVE

Pursuant to the parties' Joint Proposed Final Pretrial Conference Statement, ECF No. 338 at 24, Zeiss raises an unresolved objection regarding a demonstrative Sigray intends to use in its opening statement. Zeiss objects to four presentation slides (DDX1.12–1.15) as presenting an improper argument that claim 7 of the '704 patent requires sample movement in the y-axis. According to Zeiss, this argument was expressly rejected in the Court's claim construction order. *See* ECF No. 185 at 7–8.

The Court does not view Sigray's demonstrative slides as necessarily relitigating the construction of claim 7 of the '704 patent or the issue of infringement. Sigray has already stipulated that its Eclipse product infringes claim 7 based on the Court's construction of that claim. *See* ECF No. 338 at 4. And in its opposition to Zeiss's MIL No. 3, Sigray emphasized that its expert, Mr. David Hanson, would only testify regarding his damages opinion in the event the jury finds that allegedly non-infringing alternative indeed does not infringe. ECF No. 314-2 at 7. Based on that representation, the Court denied Zeiss's MIL No. 3 to allow Hanson to testify regarding how the allegedly non-infringing alternative affects damages, but did not allow Hanson

to testify as to the issue of infringement. ECF No. 361 at 3–4. As such, the Court will permit Sigray to present slides DDX1.12–1.15 in its opening statement.

## II.     CONFIDENTIALITY DESIGNATIONS

The parties also dispute whether they should be required to remove confidentiality designations—*e.g.*, "Highly Confidential – Attorneys' Eyes Only"—that were placed on documents produced in this suit. *See* ECF No. 376. These confidentiality designations were placed on documents pursuant to the Protective Order in this action. ECF No. 63. After deferring ruling on the issue until the parties provided further information, the parties filed additional briefing and presented oral argument before the Court.

The Court recognizes and does not make light of Zeiss's concern about the risk of its highly confidential and proprietary information being inadvertently disseminated during trial. However, given the trade secret misappropriation claims at issue here, there remains a substantial concern that the jury will be confused or improperly influenced by the confidentiality designations, even if the Court were to instruct the jury otherwise. Acknowledging that this places an additional burden on the parties during an already busy time, the Court orders the parties to remove the confidentiality designations on only the copies of trial exhibits shown to the jury.

The Court will instruct the jury that the Court ordered the parties to remove confidentiality designations. The parties' witnesses may still testify regarding other confidential markings on the documents that were placed internally before the documents were produced in this action. Only the parties' outside counsel and trial technicians will have access to the electronic copies of the trial exhibits with confidentiality designations removed. And after the jury renders its verdict, any trial exhibits with confidentiality designations removed that were provided to the jury for its deliberations must be destroyed.

Case No.: 5:21-cv-01129-EJD
ORDER RE SIGRAY DEMONSTRATIVE, CONFIDENTIALITY
2

1    **IT IS SO ORDERED.**

2    Dated:  August 28, 2025

                                                                    _____
                                                                    EDWARD J. DAVILA
                                                                    United States District Judge