UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL ZEISS X-RAY MICROSCOPY INC., <br><br> Plaintiff, <br><br> v. <br><br> SIGRAY INC., <br><br> Defendant. | Case No. 5:21-cv-01129-EJD <br><br> **VERDICT FORM** |

We, the Jury, being duly impaneled and sworn, provide the following answers to the questions submitted by the Court:

In answering the following questions, you are to follow the Court's Final Instructions to the Jury and any instructions provided in this form.

I. **DEFINITIONS**

"**Zeiss**" shall mean the plaintiff in this case, Carl Zeiss X-Ray Microscopy Inc.

"**Sigray**" shall mean the defendant in this case, Sigray Inc.

The "**'187 Patent**" shall mean U.S. Patent No. 7,057,187.

The "**'704 Patent**" shall mean U.S. Patent No. 7,400,704.

The "**Asserted Patents**" shall mean the '187 Patent and the '704 Patent, collectively.

"**ATS**" shall mean Alleged Trade Secret of Zeiss, which are listed in your jury binders.

II.  **PATENT INFRINGEMENT DAMAGES**

**Question No. 1:**

What dollar amount of damages did Zeiss prove, by a preponderance of the evidence, for Sigray's infringement of the Asserted Patents?

A. Zeiss's Damages For Sigray's TriLambda Sales: $ _____

*For Zeiss's damages for Sigray's TriLambda sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

Lost Profits                $ 0

Reasonable Royalty     $ 170,000

B. Zeiss's Damages For Sigray's Prisma Sales: $ _____

*For Zeiss's damages for Sigray's Prisma sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

Lost Profits                $ 0

Reasonable Royalty     $ 421,000

C. Zeiss's Damages For Sigray's Eclipse Sales: $ _____

*For Zeiss's damages for Sigray's Eclipse sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

Lost Profits                $ 0

Reasonable Royalty     $ 194,000

Zeiss's Total Damages (please add A, B, and C above):

$ 785,000

*Proceed to Question No. 2(a).*

### III. WILLFUL PATENT INFRINGEMENT

**Question No. 2(a):**

*Answering "Yes" to Question No. 2(a) is a finding in favor of Zeiss.*
*Answering "No" to Question No. 2(a) is a finding in favor of Sigray.*

Did Zeiss prove, by a preponderance of the evidence, that Sigray willfully infringed the '187 Patent?

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  | X |

*Proceed to Question No. 2(b).*

**Question No. 2(b):**

*Answering "Yes" to Question No. 2(b) is a finding in favor of Zeiss.*
*Answering "No" to Question No. 2(b) is a finding in favor of Sigray.*

Did Zeiss prove, by a preponderance of the evidence, that Sigray willfully infringed the '704 Patent?

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  | X |

*Proceed to Question No. 3.*

## IV. TRADE SECRET STATUS

**Question No. 3:**

*Answering "Yes" to Question No. 3 is a finding in favor of Zeiss.*
*Answering "No" to Question No. 3 is a finding in favor Sigray.*

For each Alleged Trade Secret listed below, has Zeiss proven each of the following, by a preponderance of the evidence:

a) That Zeiss was the owner of the Alleged Trade Secret;

b) That the Alleged Trade Secret was a secret and not generally known at the time of the alleged misappropriation;

c) That the Alleged Trade Secret had actual or potential independent economic value because it was secret; and

d) That Zeiss made reasonable efforts under the circumstances to keep the Alleged Trade Secret secret?

### CAPILLARY CONDENSER ALLEGED TRADE SECRETS

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 1 | X | |
| ATS 2 | | X |
| ATS 3 | | X |
| ATS 4 | | X |
| ATS 5 | | X |
| ATS 6 | | X |
| ATS 7 | | X |
| ATS 8 | | X |
| ATS 9 | | X |
| ATS 10 | X | |

### SCINTILLATOR MANUFACTURING ALLEGED TRADE SECRETS

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 11 | X | |
| ATS 12 | X | |

**DITHERING ALGORITHM ALLEGED TRADE SECRETS**

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 13 | | X |
| ATS 14 | | X |
| ATS 15 | X | |

*If you answered "Yes" to any of the above, then proceed to Question No. 4.*

*If you answered "No" to all of the above, then stop here, and have the presiding juror sign and date this form.*

V.  **ZEISS'S CLAIM OF MISAPPROPRIATION**

**Question No. 4:**

*Answering "Yes" to Question No. 4 is a finding in favor of Zeiss.*
*Answering "No" to Question No. 4 is a finding in favor of Sigray.*

For each Alleged Trade Secret listed below, has Zeiss proven, by a preponderance of the evidence, that Sigray misappropriated the Alleged Trade Secret?

**CAPILLARY CONDENSER ALLEGED TRADE SECRETS**

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 1 | | X |
| ATS 2 | | X |
| ATS 3 | | X |
| ATS 4 | | X |
| ATS 5 | | X |
| ATS 6 | | X |
| ATS 7 | | X |
| ATS 8 | | X |
| ATS 9 | | X |
| ATS 10 | | X |

**SCINTILLATOR MANUFACTURING ALLEGED TRADE SECRETS**

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 11 | | X |
| ATS 12 | | X |

**DITHERING ALGORITHM ALLEGED TRADE SECRETS**

| ATS | YES (for Zeiss) | NO (for Sigray) |
|---|---|---|
| ATS 13 | | X |
| ATS 14 | | X |
| ATS 15 | | X |

*If you answered "Yes" for any item in Question No. 4, please answer Question No. 5.*

*If you answered "No" for every item in Question No. 4, then stop here, and have the presiding juror sign and date this form.*

## VI. SIGRAY'S DEFENSE OF READILY ASCERTAINABLE

**Question No. 5:**

*Answering "Yes" to Question No. 5 is a finding in favor of Sigray.*
*Answering "No" to Question No. 5 is a finding in favor of Zeiss.*

For each Alleged Trade Secret listed below, has Sigray proven by a preponderance of evidence that the Alleged Trade Secret was readily ascertainable by proper means?

### CAPILLARY CONDENSER ALLEGED TRADE SECRETS

| ATS | YES (for Sigray) | NO (for Zeiss) |
|---|---|---|
| ATS 1 | | |
| ATS 2 | | |
| ATS 3 | | |
| ATS 4 | | |
| ATS 5 | | |
| ATS 6 | | |
| ATS 7 | | |
| ATS 8 | | |
| ATS 9 | | |
| ATS 10 | | |

### SCINTILLATOR MANUFACTURING ALLEGED TRADE SECRETS

| ATS | YES (for Sigray) | NO (for Zeiss) |
|---|---|---|
| ATS 11 | | |
| ATS 12 | | |

### DITHERING ALGORITHM ALLEGED TRADE SECRETS

| ATS | YES (for Sigray) | NO (for Zeiss) |
|---|---|---|
| ATS 13 | | |
| ATS 14 | | |
| ATS 15 | | |

*If you answered "No for any item in Question No. 5 and you answered "Yes" for that same item in both Question 3 and 4, please answer Question No. 6(a).*

*If you answered "Yes" for every item in Question No. 5 then stop here, and have the presiding juror sign and date this form.*

## VII. TRADE SECRET DAMAGES

**Question No. 6(a):**

*Answering "Yes" to Question No. 6(a) is finding in favor of Zeiss.*
*Answering "No" to Question No. 6(a) is finding in favor of Sigray.*

Has Zeiss proven by a preponderance of the evidence that it was damaged by Sigray's misappropriation of Zeiss's trade secrets?

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  |  |

*If you answered "Yes" to this question, then proceed to Question No. 6(b). If you answered "No" to this question, then proceed to Question No. 7(a).*

**Question No. 6(b):**

What is the dollar amount of Zeiss's damages due to Sigray's misappropriation of Zeiss's trade secrets?

    A.  TriLambda:                                                     $ _____

*If you awarded Zeiss damages for Sigray's TriLambda sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

          Lost Profits                                              $ _____

          Reasonable Royalty                           $ _____

    B.  Prisma:                                                         $ _____

*If you awarded Zeiss damages for Sigray's Prisma sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

          Lost Profits                                              $ _____

          Reasonable Royalty                           $ _____

    C. Eclipse: $ _____

*If you awarded Zeiss damages for Sigray's Eclipse sales, indicate which portion, if any, is for lost profits and which portion, if any, is for reasonable royalty.*

        Lost Profits                        $ _____

        Reasonable Royalty           $ _____

    Zeiss's Total Damages (please add A, B, and C above):

                                                       $ _____

*Proceed to Question No. 7(a).*

## VIII. TRADE SECRET WILLFULNESS

**Question No. 7(a):**

*Answering "Yes" to Question No. 7(a) is finding in favor of Zeiss.*
*Answering "No" to Question No. 7(a) is finding in favor of Sigray.*

Has Zeiss proven by clear and convincing evidence that Sigray acted willfully and maliciously in misappropriating any Alleged Trade Secrets?

**CAPILLARY CONDENSER ALLEGED TRADE SECRETS**

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  |  |

**SCINTILLATOR MANUFACTURING ALLEGED TRADE SECRETS**

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  |  |

**DITHERING ALGORITHM ALLEGED TRADE SECRETS**

| YES (for Zeiss) | NO (for Sigray) |
|---|---|
|  |  |

*If you answered "Yes" to this question, then proceed to Question No. 7(b).*

*If you answered "No" to this question, then stop here, and have the presiding juror sign and date this form.*

**Question No. 7(b):**

State the dollar amount of a punitive damages award, if any, against Sigray.

A. Punitive Damages For TriLambda Sales:   $ _____

B. Punitive Damages For Prisma Sales:   $ _____

C. Punitive Damages For Eclipse Sales:   $ _____

Total (please add the three numbers above):   $ _____

Please have the presiding juror sign and date this form.

Signed: ___Shavanje D___
Presiding Juror

Dated: ___09/09/2025.___

After the verdict form has been signed, please notify the courtroom deputy that you are ready to present your verdict in the courtroom.